**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

|  |  |
|---|---|
| ROLAND MARTIN, ELWIS JOHNSON, TREVOR EDWARDS, SHAWNA KNUTSON, SANTORIA TEXIDOR, AND ALONZO HINTON, <br><br> Plaintiffs, <br><br> v. <br><br> EDWARD D. JONES & CO. L.P., AND THE JONES FINANCIAL COMPANIES, L.L.L.P, <br><br> Defendants. | Case No. 4:26-cv-00791-JMD |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO REASSIGN CASE

Pursuant to Local Rule 2.08, *see* E.D.Mo. L.R. 2.08(A), and this Court's inherent authority to control its docket, Plaintiffs Roland Martin, Elwis Johnson, Trevor Edwards, Shawna Knutson, Santoria Texidor, and Alonzo Hinton (collectively, "Plaintiffs") respectfully request this Court grant their Motion to Reassign Case ("Motion") and direct the Clerk's Office to reassign this matter to the Honorable Sarah E. Pitlyk. Defendants Edward D. Jones & Co. L.P. and The Jones Financial Companies L.L.L.P. (collectively, "Defendants") have not yet responded to the Complaint or entered a formal appearance on the record. Nonetheless, Plaintiffs sought their consent to the Motion. After conferring, counsel for Defendants did not provide a position on the motion.[1]

---

[1]    Please see the Certificate of Conference submitted with the Motion.

Plaintiffs filed their Complaint in this matter on May 19, 2026. At the time of filing, Plaintiffs identified this matter as related to a previously filed action before Judge Pitlyk, *Katie Dixon, et al. v. Edward D. Jones & Co. L.P., et al*, Case No. 4:22-cv-00284-SEP (filed 2022) (hereafter, "*Dixon*"), and assumed the matter would be assigned to her. After speaking with the Clerk's Office, Plaintiffs learned that they also should have designated the matter as "substantially equivalent" on the Original Filing Form. *See* Complaint, ECF No. 1; *see also* ECF No. 1-1 (Civil Cover Sheet); ECF No. 1-2 (Original Filing Form).

The *Dixon* matter is substantially equivalent to the instant matter for purposes of reassignment. Both suits are against the same Defendants and allege that classes of Financial Advisors suffered pay discrimination based on two centralized Edward Jones policies. *Compare, e.g.*, ECF No. 1 (Compl.) ¶¶ 1, 29-36, 64-67 (discussing discriminatory salary and client transfer policies), *to Dixon* ECF No. 27 (First Am. Compl.), ¶¶ 4, 6-8, 28-40 (discussing discriminatory client transfer policies) *and Dixon* ECF No. 172 (discussing client transfer and salary assignment policies). Both cases allege similar violations of federal statutes (Title VII and 42 U.S.C. § 1981), and the class definitions, factual allegations, and witnesses overlap. *Compare, e.g.*, ECF No. 1 (Compl.) ¶¶ 7, 31 (discussing Edward Jones' knowledge of pay gaps for both Black and female Financial Advisors), 86 (Title VII class definition), *to Dixon* ECF No. 27 (First Am. Compl), ¶¶ 2, 40, 87-89 (discussing knowledge of discrimination against Black Financial Advisors); 121 (Title VII class definition). Judge Pitlyk has presided over the *Dixon* matter for over four years and her familiarity with the case makes her well-situated to assist the parties in streamlining any discovery and case management considerations. Reassignment is therefore warranted to promote judicial convenience and avoid the inefficiency and risk of inconsistent rulings in

cases that involve overlapping parties, witnesses, documentary evidence, and potentially overlapping expert discovery.[2]

Plaintiffs therefore request this Court grant their motion and direct the Clerk's Office to reassign the case.

---

[2] This Court does not have a specific local rule related to transfer or reassignment. If the Court prefers Plaintiffs file a formal motion to consolidate before Judge Pitlyk, they can do so. *See* E.D.Mo. L.R. 4.03 ("A party desiring the consolidation of related cases shall file a motion in the case bearing the lowest cause number."); *see also, e.g.*, *Horizon Asset Mgmt. Inc. v. H & R Block, Inc.*, 580 F.3d 755, 768 (8th Cir. 2009) (where actions involve "common parties, overlapping legal issues, and related factual scenarios," consolidation under Rule 42 is appropriate). But given the administrative nature of this request, Plaintiffs believe the more efficient route for the Court and the parties is to simply reassign the matter.

Dated:  July 13, 2026

Respectfully submitted,

*/s/ Chauniqua D. Young*
_____
Chauniqua D. Young*
Adam T. Klein*
Michael C. Danna
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2005
Email: cyoung@outtengolden.com
Email: aklein@outtengolden.com
Email: mdanna@outtengolden.com

Ryan C. Cowdin*
**OUTTEN & GOLDEN LLP**
1225 New York Ave NW, Suite 1200B
Washington, DC 20005
Telephone: (202) 847-4400
Facsimile: (646) 952-9114
Email: rcowdin@outtengolden.com

Anne Weis*
**OUTTEN & GOLDEN LLP**
1999 Harrison Street, Suite 1500
Oakland, CA 94612
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
Email: aweis@outtengolden.com

*/s/ George Hanson*
_____
George Hanson (MO Bar 43450)
Jordan Kane (MO Bar 71028)
**STUEVE SIEGEL HANSON**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone.: 816.714.7100
Email: hanson@stuevesiegel.com
Email: kane@stuevesiegel.com

*Counsel for Plaintiffs*
**admitted Pro Hac Vice*

4